IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>)<br>) |
|  | MDL Docket No. 1203 |
| This document relates to | Civ. No. 02-20124 |
| SHARON WOODRUFF,<br><br>Plaintiff,<br><br>vs.<br><br>A.H. ROBINS COMPANY, INC., WYETH-AYERST LABORATORIES, DIVISION OF AMERICAN HOME PRODUCTS CORP.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WYETH'S DESIGNATION OF CONTENTS OF RECORD TO BE REMANDED TO THE DISTRICT OF UTAH

Defendants Wyeth[1] and Wyeth Pharmaceuticals (formerly known as Wyeth-

Ayerst Laboratories Division of American Home Products Corporation) (collectively

"Wyeth"), hereby designate the following papers in the record of this action be included

in the record to be remanded to the United States District Court for the District of Utah.

---

[1] On August 3, 1998, A.H. Robins Company, Inc. was merged into American Home Products Corporation ("AHPC") and ceased to exist as a separate entity. On March 11, 2002, AHPC changed its name to Wyeth. Wyeth therefore files this designation on behalf of A.H. Robins Company, Inc.

## I. Pretrial Orders[2]

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 2 | 1/4/98 | Duties for transferor court under Rule 19(a), (b), and (c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation; retain entire original file; forward only dockets and complaints. |
| 5 | 1/21/98 | Regarding rulings set forth at a hearing dated January 15, 1998. Appointment of E. Weltman and P. Resnick, co-lead counsel for Phentermine Defendants; M. Scott: Liaison Counsel for fenfluramine and dexfenfluramine defendants; and E. Madeira and N. Gussack: Liaison Counsel for phentermine manufacturers and suppliers. |
| 6 | 2/5/98 | In the Matter of the Plaintiff's Management Committee ("PMC"). Composition of PMC – Chairpersons, members and responsibilities. |
| 15 | 3/13/98 | Granting extension of time until April 15, 1998 to answer any plaintiff's complaint or amended complaint in MDL 1203. Granting extension to answer or move in response to any complaint until 4/15/98; any answer due hereafter shall be in accord with the Federal Rules of Civil Procedure ("FRCP"). |
| 16 | 3/13/98 | Guidelines for Plaintiff Counsel time and expense reports. |

---

[2] Unless otherwise noted, the Pretrial Orders ("PTOs") apply to all civil actions in MDL 1203. Where a PTO affirms a Decision and Recommendation, that Decision and Recommendation accompanies the PTO.

[3] *See* note 4 in the Stipulation and Pretrial Order pertaining to this Generic Record.

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 19 | 3/17/98 | Service of Complaints and Other Pleadings.  Complaints may be served by certified mail, return receipt requested to designated parties.  Pleadings must be served on all liaison counsel, each co-chair of the PMC, and on the office of the PMC, as well as all counsel of record for any individual action related to the filing, as reflected on the MDL 1203 Service List.  The Special Master is directed to prepare such a Service List monthly.  Certificates of service should state only that the document was served to persons entitled to be served pursuant to the service list, and should not include a list of individual names. |
| 20 | 3/17/98 | Order for Preservation of Documents.  Parties are enjoined from altering or destroying originals of relevant documents. |
| 21 | 3/17/98 | Deposition Guidelines.  Depositions should ordinarily be noticed 30 days in advance.  Any objection made is deemed made on behalf of all parties; all objections except as to form are preserved.  Deposing counsel must provide a list, 10 days in advance, of all documents expected to be used at the deposition.  Subpoenas to produce documents should be served at least 30 days in advance of the scheduled deposition.  Videotape depositions are permitted. |
| 22 | 3/23/98 | First Wave Discovery with attached Plaintiff's Fact Sheets.  The Discovery Initiation Date ("DID") is set as April 1, 1998 for those actions filed or transferred before April 1, 1998; or the first day of the month following the date an action is filed in the EDPA or transferred to MDL 1203 after April 1, 1998.  Plaintiffs have 45 days from the DID to provide completed Fact Sheets and medical authorizations.  Rules governing service and response to comprehensive interrogatories and requests for production of documents are established; plaintiffs may obtain additional, non-duplicative discovery.  PMC document depository established.  No additional discovery is to be taken until further Order.  See also PTO 155 and PTO 285. |
| 23 | 3/23/98 | Standards for 12(b) motions. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 26 | 3/30/98 | Order to Show Cause why Gregory P. Miller should not be appointed as Special Discovery Master and setting forth duties and responsibilities of Special Master.  If the Special Master's rulings are not accepted by all parties, the Special Master must prepare a Decision and Recommendation.  Parties have 7 days to appeal a Decision and Recommendation by filing a Motion with the Court, or the Decision and Recommendation will be entered as an Order. |
| 27 | 4/1/98 | Pretrial Confidentiality Order, with Exhibit A, Agreement to Maintain Confidentiality.  Persons producing discovery material may designate as confidential certain "trade secret" materials, financial data, clinical studies, and other information.  Confidential material may not be disclosed to anyone other than outside and in-house attorneys or retained experts engaged in the litigation.  Confidential material submitted to the Court must be filed under seal. |
| 36 | 4/14/98 | Formally designating Gregory P. Miller, Esq. as Special Discovery Master. |
| 38 | 4/21/98 | Regarding Plaintiffs' Discovery Committee.  Committee shall have the authority to conduct general liability discovery, including depositions. |
| 41 | 4/22/98 | Procedure for return of inadvertent production of attorney-client privileged or work product documents.  Production of such materials shall not be deemed a waiver.  The Court may direct the return of inadvertently produced documents and preclude their further use in the litigation.  Parties must confer with other parties before moving for relief.  See also PTO 285. |
| 48 | 4/28/98 | Vacating any previous State or Federal Court Order staying or otherwise affecting any discovery right or obligation of any party. |
| 126 | 5/11/98 | Designation of Robert N. Spinelli, Esq. as retailer defendants' Liaison Counsel. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 127 | 5/11/98 | Designation of J. Allen Schreiber, Esq. as weight loss centers, clinics, or other similar enterprises defendants' Liaison Counsel. |
| 128 | 5/11/98 | Designation of John M. Fitzpatrick, Esq. as physicians' Liaison Counsel. |
| 155 | 6/24/98 | Revised Authorization Form to be substituted for the original form attached to PTO 22 for all cases with a DID of July 1, 1998 and after. |
| 175 | 7/14/98 | Order outlining the duties and authority of various Liaison Counsel representing defense interests. |
| 270 | 9/10/98 | Regarding the tentative class action settlement reached with Interneuron Pharmaceuticals, Inc. and Boehringer Ingelheim Pharmaceuticals, Inc.  All federal claims against Interneuron are stayed. |
| 285 | 9/16/98 | Extending protection of PTO 41 to all litigants who are entitled to review documents in the PMC Depository and amending paragraph 6(D) of PTO 22. |
| 292 | 9/24/98 | Schedule for Non-Expert Witness Deposition Discovery in all cases that are part of the coordinated proceeding. 1. Guidelines outlined in PTO 21 will apply to all depositions. 2. Other discovery devices such as Requests for Admission are permissible only with prior authorization of the Special Master. |
| 297 | 9/25/98 | Order conditionally certifying the Wish Interneuron settlement class, preliminarily approving the settlement agreement, instructing the parties to prepare notice, and contemplating a stay against Interneuron pending resolution of fairness hearing. |
| 298 | 9/25/98 | Item No. 2 (denying Plaintiffs' Motion to Compel Production of AHP's "Bibliographic Database") and Item No. 7 (no motion for reconsideration of an order issued on an unopposed motion). |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 314 | 10/1/98 | Regarding use of an alternative medical authorization form. Defendants may provide plaintiffs with different authorization forms than provided for in PTO Nos. 22 and 155. Plaintiffs have 10 days thereafter to return such authorizations. |
| 316 | 10/5/98 | Order authorizing the PMC to serve individual plaintiff's counsel via the Internet those documents which are common to all cases. |
| 333 | 10/14/98 | Regarding the limited lift of the stay imposed by PTO Nos. 270 and 297 to permit Interneuron to produce documents. |
| 335 | 10/19/98 | Affirming the Order of the Special Discovery Master decision as to Plaintiffs' Objections to Production of Documents by Medical Providers. |
| 349 | 11/3/98 | Regarding stay of all pending and future state and federal proceedings against Interneuron and conditions of stay. |
| 417 | 1/6/99 | Regarding the Expert Discovery Schedule. Establishes a time schedule for identifying, providing mandatory discovery disclosures, and deposing expert witnesses, specifically (1) generic experts (i.e., those testifying as to general causation), (2) case-specific experts, and (3) experts on economic damages. Provision is also made for defendants to schedule medical examinations of plaintiffs pursuant to FRCP 35. See also Special Discovery Master Memorandum No. 30. |
| 418 | 1/6/99 | Regarding Product Identification Discovery ("ID"). Plaintiffs must promptly undertake product ID discovery. Phentermine defendants shall provide the PMC with a product ID chart. Plaintiffs must notify the Special Discovery Master if they fail to identify the product upon which their clam is based within 30 days or 60 days of the DID. |
| 420 | 1/6/99 | Regarding the Discovery of Ongoing Studies. Provision is made for the discovery of studies that have been presented publicly and for the production of protocols and other information pertaining to currently ongoing studies. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 462 | 2/10/99 | Affirming Decision and Recommendation No. 9 of Special Discovery Master (regarding plaintiffs' objection to the production of medical records). |
| 467 | 2/10/99 | Regarding Attorney's Fees and Costs and State/Federal Coordination.  Establishes MDL 1203 Cost and Fee Account from which payments for common benefit work will be made upon application to the Court and pursuant to Order of the Court.  See also PTO 517 and PTO 892. |
| 474 | 2/18/99 | Designation of Gerald J. Valenti, Esq. as defendants' Liaison counsel for weight loss centers, clinics or other similar enterprises, replacing J. Allen Schrieber, Esq. because the cases against Mr. Schrieber's clients have been resolved. |
| 477 | 2/19/99 | Item No. 1 (re: amendment of PTO 38) and Item No. 2 (re: appointment of Gerald J. Valentini, Esq. as Liaison Counsel for weight loss centers). |
| 517 | 3/18/99 | Extending PTO 467 (regarding the MDL 1203 Cost and Fee Account) to all civil actions in MDL 1203 regardless of the jurisdiction from which the action was transferred.  See also PTO 892. |
| 518 | 3/18/99 | Appointing J. Michael Papantonio, Esq. to the PMC and approving the Coordination Agreement between the PMC and the Levin, Middlebrooks firm. |
| 519 | 3/18/99 | Regarding allocation of responsibility to non-parties. Parties have 90 days from receiving Plaintiff's Fact Sheet or whichever date it would otherwise be due under state law, whichever is later, to designate non-parties at fault where permitted by state law.  In the event that the above dates have passed, parties have 60 days to designate non-parties at fault. |
| 522 | 3/23/99 | Regarding the deposition of Heidi Connolly, M.D. Providing terms and timing for the taking of Dr. Connolly's deposition.  No further depositions of Dr. Connolly may be taken without leave of court. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 540 | 3/30/99 | Affirming Decision and Recommendation No. 12 of Special Discovery Master (as to Plaintiff's redaction of medical records prior to production). |
| 590 | 4/26/99 | Regarding communications with treating physicians. Counsel may only contact treating physicians as permitted by state law, and must clearly identify himself and the party he represents. Treating physicians are to be reimbursed by parties issuing a subpoena in an amount equal to the lesser of his hourly rate or $300 per hour. |
| 596 | 5/10/99 | Affirming Decision and Recommendation No. 14 of Special Discovery Master (as to Defendant Medeva Pharmaceuticals, Inc./Fisons Corp.'s Privilege Log). |
| 603 | 5/13/99 | Affirming Decision and Recommendation No. 15 of Special Discovery Master (as to Defendant Teva Pharmaceuticals, Inc.'s Inadvertent Production of Privileged Documents). |
| 604 | 5/13/99 | Affirming Decision and Recommendation No. 16 of Special Discovery Master (as to AHP's Inadvertent Production of Privileged Documents). |
| 680 | 5/25/99 | Submission of pleadings, stipulations, dismissals, etc. to the PMC office. |
| 688 | 5/25/99 | Affirming Decision and Recommendation No. 16 of Special Discovery Master (as to AHP's Inadvertent Production of Privileged Documents).  [Note: this Order is entirely duplicative of PTO 604.] |
| 714 | 6/15/99 | Stipulations and Order regarding the procedure for establishing the authenticity of documents produced by defendants. |
| 718 | 6/18/99 | Order directing issuance of a letter rogatory with respect to the production of documents by Lucien Abenheim, M.D. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 807 | 7/20/99 | Order requiring that cross-claims or third-party claims shall be asserted on or before August 1, 1999 in cases with a DID on or before August 1, 1998; for cases with later DIDs, cross-claims or third-party claims shall be asserted no later than 45 days prior to the due date for plaintiffs' designation of case-specific expert witnesses. |
| 855 | 8/19/99 | Order affirming Amended Decision and Recommendation No. 23 as to Defendants' Expert Opinions Concerning Generic and Phentermine Causation. |
| 856 | 8/19/99 | Order affirming the Second Amended Decision and Recommendation No. 19 as to Generic Expert Opinions Concerning Phentermine Causation. |
| 865 | 8/26/99 | Order granting class certification for medical monitoring. |
| 884 | 9/27/99 | Denying plaintiff Sharyn Wish's motion for certification of the Interneuron limited fund settlement class and lifting stays as to Interneuron. |
| 892 | 9/29/99 | Appointing Gregory P. Miller as Escrow Agent for MDL 1203 Cost and Fee Account established pursuant to PTO 467.  See also PTO 517. |
| 965 | 10/22/99 | Reinstating for a period of 30 days the stays entered pursuant to PTOs 297 and 349 precluding litigation against Interneuron. |
| 992 | 11/15/99 | Order granting extensions of deadlines to complete fact and expert discovery pursuant to attached schedule.  Plaintiffs who wish to proceed on the original or an accelerated schedule may submit such a request to the Special Master. The extension does not extend any previously expired deadline or preclude filing of motions with respect to such deficiencies. |
| 994 | 11/16/99 | Affirming Special Discovery Master Decision and Recommendation No. 36, with respect to SmithKline Beecham Corp.'s privilege log. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 997 | 11/23/99 | Order conditionally certifying settlement class in Brown, preliminarily approving the settlement agreement, approving the forms of notice and directing their issuance, and scheduling the fairness hearing for May 1-5, 2000. |
| 1160 | 2/25/00 | Order regarding the production of certain case-specific documents (communications between AHP and plaintiffs' treating and prescribing physicians; ADE records; detailing information; Dear Health Care Professional information; and prescription history). |
| 1162 | 2/28/00 | Order governing the designation of treating physicians as case-specific experts. |
| 1165 | 3/7/00 | Affirming Decision and Recommendation No. 41 of Special Discovery Master (as to Plaintiff's objection to production of the SNAPH study). |
| 1219 | 3/24/00 | Affirming Decision and Recommendation No. 44 of Special Discovery Master as to the designation of Drs. La Puma, Guerigiuan and Sears as PMC Generic Experts and granting AHP the right to counter-designate Generic Experts. |
| 1255 | 4/18/00 | Regarding case-specific expert discovery relating to AHP defendants and voluntary dismissal procedures.  With respect to expert discovery, the Order grants partial relief to plaintiffs intending to register for the AHP national settlement. |
| 1323 | 5/25/00 | Stipulation and Order with respect to AHP's Motion to Exclude Expert Testimony of John W. Farquhar, M.D. PMC agrees that Dr. Farquhar will not provide testimony regarding enumerated subject matters and AHP agrees to withdraw pending Daubert motion. |
| 1332 | 6/20/00 | Memorandum and Order regarding AHP's Daubert motions to limit expert testimony of Jerome L. Avorn, M.D. and Lewis Rubin, M.D. |
| 1351 | 6/28/00 | Memorandum and Order regarding defendants' Daubert motions to exclude expert testimony of Paul J. Wellman, Ph.D. and Timothy J. Maher, Ph.D. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 1363 | 7/11/00 | Granting motion for issuance of a letter of request for production of documents from Lucien Abenheim, M.D. |
| 1412 | 8/22/00 | Designation of Andrew C. Clausen, Esq. to succeed Gerald J. Valenti, Esq. as Liaison Counsel for weight loss centers, clinics, or other similar enterprises. |
| 1415 | 8/28/00 | Memorandum and Order approving nationwide class action settlement in Brown, certifying settlement class, dismissing with prejudice all Settled Claims against AHP in MDL 1203 and enjoining the prosecution of certain claims against AHP. |
| 1416 | 8/24/00 | Stipulated order striking portions of the preservation deposition of PMC Generic Expert John J. La Puma, M.D. |
| 1461 | 10/12/00 | Memorandum and Order granting PMC's Motion for Order Compelling FDA to Produce Certain Documents regarding JAMA article insofar as documents were withheld solely on the basis of the deliberative privilege. Denying PMC's Motion as to documents withheld on the basis of attorney-client privilege. |
| 1467 | 10/18/00 | Shortening applicable discovery deadlines for cases with DIDs of 12/1/99 and later. |
| 1468 | 10/20/00 | Regarding pre-Daubert hearing submissions to identify expert opinions being challenged by AHP. |
| 1530 | 12/6/00 | Amending Section 2(A) of PTO 22 regarding time for plaintiffs to provide Fact Sheets and Medical Authorizations in cases with DIDs of 12/1/00 and thereafter. |
| 1685 | 2/1/01 | Memorandum and Order regarding AHP's Daubert Motions to Exclude Testimony of PMC Generic Experts Colin M. Bloor, M.D., Robyn J. Barst, M.D., John L. Gueriguian, M.D., Arthur Hull Hayes, M.D., John J. La Puma, M.D., James H. Oury, M.D., Stuart Rich, M.D., and Barry Sears, Ph.D. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 1694 | 2/5/01 | Regarding disposition of various motions; AHP Motions to preclude certain generic expert witnesses designated by the Phentermine Defendants are withdrawn. |
| 1845 | 3/26/01 | Order to Show Cause for plaintiffs in cases with DIDs up to and including 11/1/00 who failed to identify expert witnesses or provide adequate expert disclosures as to any of the Phentermine Defendants. |
| 1910 | 4/19/01 | Affirming Special Discovery Master Decision and Recommendation No. 22 insofar as it relates to documents for which AHP asserted the common interest doctrine privilege. |
| 1962 | 5/9/01 | Final Pretrial Order of the transferee court regarding cases ready for remand. |
| Stipulation and First Amendment to PTO 1962 | 5/16/01 | The parties shall provide a copy of this stipulation and pretrial order, together with a CD-ROM containing the documents that comprise the generic record, to the Clerk of the Court for the U.S. District Court for the Eastern District of Pennsylvania at a time to be determined.  In addition to the generic record, the parties to each action being remanded shall provide to the clerk of the transferee district at a time to be determined by the transferee court a copy of the stipulated case-specific record on remand, together with either copies of the documents that comprise such record or the documents on a CD-ROM, for transmittal to the clerk of the transferor district to which the civil action is being remanded. |
| Second Amendment to PTO 1962 | 5/21/01 | Correcting an erroneous factual statement in memorandum and PTO 1962 regarding the Phentermine defendants. |
| 2023 | 6/14/01 | Procedure for award of counsel fees and reimbursement of litigation expenses. |
| 2110 | 8/8/01 | Granting motion by PMC and Class Counsel to extend the deadlines established by PTO 2023, which set forth the procedure for award of counsel fees and reimbursement of litigation expenses. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 2112 | 8/9/01 | Granting the motion of Andrew C. Clausen, Esq. to withdraw as liaison counsel for the diet center defendants. The Court at this time will not appoint anyone to fill such vacancy given the understanding that there are no diet center defendants who continue to be members of the MDL's diet center group. |
| 2152 | 9/12/01 | Clarifying PTOs 467 and 517 relating to the common fund set-aside in actions subject to coordinated pretrial proceedings in MDL 1203 by requiring a copy of this order and PTOs 467 and 517 to be provided to plaintiffs and/or their attorneys. |
| 2224 | 10/15/01 | Clarifying procedure for award of counsel fees and reimbursement of litigation expenses pursuant to PTOs 467 and 517 (and superseding PTOs 2023 and 2110). |
| 2355 | 1/28/02 | Approving Official Notice of Final Judicial Approval as compliant with Section VI.B.3 of the Settlement Agreement, and ordering the AHP Settlement Trust to mail the Notice Packet to all Class Members on the Notice list. |
| 2356 | 1/28/02 | Ordering that the rolling deadlines applicable to discovery for all MDL 1203 actions with DIDs of May 1, 2001 through December 1, 2002 are reflected in the attached chart. |
| 2367 | 2/6/02 | Denying motion of the PMC to clarify paragraph 2(b) of PTO 27 to allow publication and use of discovery material in diet drug litigation in the courts of Canada that a party in this litigation has produced and designated as confidential. |
| 2381 | 2/26/02 | Establishing a procedure whereby the relevant parties in MDL 1203 cases in which AHP is an active defendant and with DIDs up to and including November 1, 1999 must prepare a written discovery status report and submit the report to the Special Discovery Master within 30 days. Upon receipt of the reports, the Special Discovery Master shall determine which cases are ready for remand, or where discovery remains to be completed, shall establish deadlines for the completion of that discovery. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 2383 | 2/26/02 | Establishing procedures for resolving motions to enforce Paragraph 7 of PTO 1415 against Class Members who assert claims allegedly based on PPH. |
| 2387 | 3/4/02 | Clarifying procedure for award of counsel fees and reimbursement of litigation expenses pursuant to PTOs 467 and 517 (and superseding PTO 2224). |
| 2622 | 10/3/02 | Ruling on petitions for counsel fees and costs in connection with the MDL and Class Action Settlement. |
| 2625 | 10/16/02 | Granting motion of Wyeth for an injunction in the Clark (TX) case to enforce the Settlement Agreement against Clara Clark and her counsel. Plaintiff and her counsel are enjoined from introducing any evidence or statements relating directly or indirectly to punitive damages. |
| 2627 | 10/17/02 | Ordering that Class Members who exercise Intermediate and Back-End Opt-Out rights are enjoined from participating in any trial before the same jury which hears a claim of an Initial Opt-Out plaintiff. |
| 2680 | 12/11/02 | Granting motion of Wyeth for an injunction in the Smart (TX) case to enforce the Settlement Agreement against Linda Smart and her counsel.  Plaintiff and her counsel are enjoined from introducing any evidence or statements relating directly or indirectly to punitive damages. |
| 2688 | 12/20/02 | Approving proposed Refund Plan for the return of one-third of the assessments paid into the MDL 1203 Fee and Cost Account. |
| 2703 | 1/10/03 | Order approving official notice of May 3, 2003 "Date 2" deadline and directing Trust to mail notice and related materials to Class Members on Notice list. |
| 2717 | 1/29/03 | Granting motion of Wyeth for further injunction and for sanctions to enforce PTO 2625 against plaintiff Clara Clark and her counsel. |
| 2778 | 3/12/03 | Granting Joint Motion for approval of the Sixth Amendment to the Settlement Agreement. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 2828 | 4/8/03 | Vacating PTOs 2625 and 2717, and enjoining plaintiff Clara Clark and her attorneys in <u>Clark</u> from introducing specific evidence relating to punitive damages. |
| 2859 | 5/15/03 | Modifying PTO 2622 to provide for an interim counsel fee award and vacating paragraph 11 of PTO 2622 (regarding timing of further petitions for fees). |
| 2865 | 5/21/03 | Granting Wyeth's Motion to Amend PTO 2828 and ordering plaintiff Clara Clark to redact certain deposition testimony and information from a trial exhibit on the ground that they are related to punitive damages. |
| 2883 | 6/10/03 | Granting motion of Wyeth for an injunction in the <u>Wilson</u> (S.D. Miss.) and <u>James</u> (Smith County, Miss.) actions and enjoining plaintiffs in <u>James</u> from introducing specific evidence relating to punitive damages. |
| 2929 | 7/22/03 | Denying Motion to determine inadequacy of representation for Opt-Out Class Members. |
| 2930 | 7/23/03 | Approving revised Plaintiff's Fact Sheet (initially approved in PTO 22); approving revised Medical Authorization Form (required to be completed by PTO 22 and revised by PTO 155); providing schedule for plaintiffs to provide medical information to defendants and the PMC. |
| 2951 | 8/7/03 | Order clarifying that the number 2929 shall be substituted for the number 2629 in the Pretrial Order; and the month of July shall be substituted for the month of June in the first line of the Pretrial Order. |
| 2958 | 8/14/03 | Denying motion to discharge Class Counsel and Subclass Counsel for Subclasses 1(b), 2(a), 2(b), and 3. |
| 2984 | 8/25/03 | Denying suggestions for the dissolution of MDL 1203 and for remand of all pending cases to the various transferor courts. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 3030 | 9/22/03 | Enjoining plaintiff Michelle Renee Corley from proceeding as an Initial Opt-Out in the case of Corley v. AHP pending in Texas state court and enjoining plaintiff from introducing any evidence or statements relating directly or indirectly to punitive damages. |
| 3088 | 10/30/03 | Enjoining plaintiffs in the state court cases Eichmiller (GA), Cook (MS), and Caldwell (MS) from introducing any evidence or statements relating directly or indirectly to punitive damages. |
| 3123 | 11/13/03 | Enjoining plaintiff in Gatlin v. AHP pending in Louisiana state court from introducing any evidence or statements relating directly or indirectly to punitive damages. |
| 3134 | 11/19/03 | Amending paragraph (1)(c) of PTO 3123 to refer to "aortic valve regurgitation" rather than "mitral valve regurgitation." |
| 3370 | 3/24/04 | Order governing severance of multi-plaintiff cases transferred to the MDL, discovery deadlines and procedures for MDL cases, and the process for remanding cases to the transferor courts upon completion of discovery. |
| 3376 | 3/26/04 | Denying without prejudice Wyeth's motions challenging the eligibility of Class Members in Kerr and Rains to exercise an Intermediate Opt-Out. |
| 3379 | 3/26/04 | Denying without prejudice Wyeth's motions challenging the eligibility of Class Members in Adams to exercise an Intermediate Opt-Out. |
| 3490 | 4/30/04 | Enjoining plaintiff Lanna Nustad in Campbell-Reese pending in Texas state court from introducing any evidence or statements relating directly or indirectly to punitive damages. |
| 3503 | 5/4/04 | Vacating PTO 3490 because of a mistaken reference to "mitral valve regurgitation" rather than "aortic valve regurgitation" and enjoining plaintiff Lanna Nustad in Campbell-Reese pending in Texas state court from introducing any evidence or statements relating directly or indirectly to punitive damages. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 3535 | 5/18/04 | Denying motion of plaintiffs for partial reconsideration of PTO 3448, except that first-named plaintiff is not required to pay a $150 filing fee when he files a severed and amended complaint. The motion had objected to the requirement that each severed plaintiff remit a filing fee to the clerk pursuant to 28 U.S.C. § 1914(a). |
| 3664 | 6/29/04 | Denying without prejudice motion of Wyeth challenging eligibility of Class Members in Howard to exercise an Intermediate Opt-Out. |
| 3849 | 8/11/04 | Granting motion of Wyeth to enforce Court's injunction against plaintiffs Doris Weller and Ellen Carey. |
| 3888 | 8/30/04 | Vacating PTO Nos. 2680, 2828, 2883, 3088, and 3123; enjoining plaintiffs in Smart, Clark, Wilson, James, Eichmiller, Cook, Caldwell, and Gatlin from introducing certain evidence related exclusively to punitive damages; ordering parties in the above actions to stipulate to a reverse-bifurcated trial; and enjoining plaintiffs or their attorneys from arguing against the reverse bifurcation procedure before the state trial courts. |
| 3903 | 9/8/04 | Order governing the filing of answers and the pleading of affirmative defenses to severed and amended complaints filed pursuant to PTO 3370. |
| 3961 | 9/22/04 | Denying Wyeth's motion for application of PTO 3888 to all remaining Class Members who have exercised Intermediate or Back-End Opt-Outs, without prejudice to Wyeth's right to file a motion seeking such relief at any time after January 1, 2005. |
| 3962 | 9/22/04 | Denying motion to stay PTO 3888 as to plaintiffs in Smart, Clark, Wilson, James, Eichmiller, Cook, Caldwell, and Gatlin unless they obtain postponements of their trials until a resolution of the appeal of PTO 3888, and clarifying that PTO 3888 only enjoins evidence related "exclusively" to punitive damages. |

| ORDER NO. | DATE OF ORDER | DESCRIPTION[3] |
|---|---|---|
| 4389 | 1/21/05 | Granting joint motion of Wyeth and Claims Facilitating Committee pursuant to proposed Settlement Process to approve proposed stay procedure. |
| 4393 | 1/27/05 | Denying motion of Fleming & Associates' MDL Plaintiffs requesting a suggestion of remand. |
| 4481 | 2/10/05 | Requiring plaintiffs to stipulate to reverse bifurcation in the Pearman and Pence cases in Georgia state court. |

## II. Special Discovery Master Memoranda

| NO. | DATE | DESCRIPTION[4] |
|---|---|---|
| 2 | 7/7/98 | Certification of Document Production pursuant to FRCP 26(g) and procedure for plaintiffs' deficient Fact Sheets. |
| 3 | 7/28/98 | Amended procedure for plaintiffs' deficient Fact Sheets. |
| 7 | 2/5/99 | Procedures concerning product identification for Phentermine Defendants. |
| 9 | 3/15/99 | Deposition discovery. |
| 17 | 7/28/99 | Generic Expert Witnesses deemed to have been designated in each and every civil action in MDL 1203. |
| 21 | 9/28/99 | Extension of time for designation of case-specific experts in cases with DIDs on or before 9/1/98. |
| 22 | 9/29/99 | Regarding filing of Daubert motions in MDL 1203. |
| 25 | 10/22/99 | Requiring any party who wishes to defer a treating physician deposition until after remand to identify the specific treating physician in writing in the transferee court. |
| 27 | 12/15/99 | MDL 1203 Cost and Fee Account procedures. |

---

[4] *See* note 4 in the Stipulation and Pretrial Order pertaining to this Generic Record.

| NO. | DATE | DESCRIPTION[4] |
|-----|------|-------------|
| 28 | 1/12/00 | MDL 1203 Cost and Fee Account procedures (package settlements). |
| 29 | 2/15/00 | Discovery schedule for Interneuron Pharmaceuticals, Inc. |
| 30 | 2/28/00 | Definition of "generic" and "case-specific" experts. |
| 35 | 5/11/00 | Voluntary dismissal procedures. |
| 37 | 7/7/00 | Remand procedures for opt-out plaintiffs. |
| 42 | 5/27/04 | Extension of certain discovery deadlines and procedures for submitting good cause applications for extensions of discovery deadlines. |
| 43 | 9/8/04 | Amended Memorandum No. 43 governing generic depositions of witnesses who will provide testimony in 25 or more cases pending in MDL 1203. |

**III. Other Information**

A. Chart of Rolling Due Dates

1. Chart of Rolling Due Dates applicable to all civil actions with a Discovery Initiation Date up to and including 12/1/99 (attached to PTO 992).

2. Chart of Rolling Due Dates applicable to all civil actions with a Discovery Initiation Date between and including 12/1/99 and 4/1/01 (attached to PTO 1467).

3. Chart of Rolling Due Dates applicable to all civil actions with a Discovery Initiation Date between and including 5/1/01 and 12/1/02 (attached to PTO 2356).

4. Chart of Rolling Due Dates applicable to all civil actions with a Discovery Initiation Date between and including 8/1/03 and 6/1/04 (copy attached).

B. PTO 1468 Memoranda[5]

      1. American Home Products Corporation's PTO 1468 Memorandum in Support of its Daubert Motion to Exclude Expert Opinions of Colin M. Bloor, M.D.

      2. American Home Products Corporation's PTO 1468 Memorandum in Support of its Daubert Motion to Exclude Expert Opinions of Robyn J. Barst, M.D.

      3. American Home Products Corporation's PTO 1468 Memorandum in Support of its Daubert Motion to Exclude Expert Opinions of John L. Gueriguian, M.D.

      4. American Home Products Corporation's PTO 1468 Memorandum in Support of its Daubert Motion to Exclude Expert Opinions of Arthur H. Hayes, M.D.

      5. American Home Products Corporation's PTO 1468 Memorandum in Support of its Daubert Motion to Exclude Expert Opinions of John J. La Puma, M.D.

      6. American Home Products Corporation's PTO 1468 Memorandum in Support of its Daubert Motion to Exclude Expert Opinions of James H. Oury, M.D.

      7. American Home Products Corporation's PTO 1468 Memorandum in Support of its Daubert Motion to Exclude Expert Opinions of Stuart Rich, M.D.

      8. American Home Products Corporation's PTO 1468 Memorandum in Support of its Daubert Motion to Exclude Expert Opinions of Barry Sears, Ph.D.

      9. Plaintiffs' Memorandum Pursuant to PTO 1468 Regarding American Home Products Corporation's "Daubert" Motions; separate exhibits for Colin M. Bloor, M.D., Robyn J. Barst, M.D., John L. Gueriguian, M.D.,

---

[5] The parties filed these Memoranda pursuant to PTO 1468.  They are included in the Generic Record for reference and information because the Court cites several of the PTO 1468 Memoranda in Memorandum Decision and PTO 1685, which constitutes the Court's ruling on AHP's Daubert Motions for certain PMC Generic Experts in MDL 1203.

Arthur H. Hayes, M.D., John J. La Puma, M.D., James H. Oury, M.D., Stuart Rich, M.D., and Barry Sears, Ph.D.

C. MDL 1203 Website

1. URL for MDL 1203 Web site: http://fenphen.cpcourt.com.

2. Questions about MDL 1203 Web site: pmc1203@aol.com
(Web site maintained by Counsel Press).

## IV.  Case Specific Filings

| DATE | DESCRIPTION |
|------|-------------|
| 2/13/2002 | Summons and Plaintiff's Complaint and Jury Demand |
| 4/22/20/02 | Conditional Transfer Order 90 |
| 4/26/2002 | Wyeth's Answer to Plaintiff's Complaint |
| 1/12/2005 | Suggestion of Remand Order No. 18 |
| 3/15/2005 | Conditional Remand Order |

Copies of these pleadings and other documents will be forwarded under separate cover.

Respectfully submitted,

Date:  April 5, 2005

_____
Mark J. Spooner
Ruth M. Holt
Jeffrey Darnell
ARNOLD & PORTER
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000

David W. Slagle
Camille N. Johnson
Brian P. Miller
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

Counsel for Defendant WYETH

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing

**WYETH'S DESIGNATION OF CONTENTS OF RECORD TO BE REMANDED**

**TO THE DISTRICT OF UTAH** was filed electronically this 5th day of April, 2005 and

is available for viewing and downloading from the ECF System of the United States

District Court for the Eastern District of Pennsylvania.  I further certify that a true and

correct copy of the foregoing document will be served this 5th day of April 2005 by first-

class U.S. Mail on all counsel identified below.


                                             Jeffrey Darnell /s/
                                      _____
                                      Jeffrey Darnell


Allen K. Young, Esquire                 Arnold Levin, Esquire
Young, Kester & Petro                   Levin Fishbein, Sedran & Berman
101 East 200 South                      510 Walnut Street
Springville, UT  84663                  Suite 500
(801) 489-3294                          Philadelphia, PA  19106
*Attorneys for Plaintiff*               (215)-592-1500
                                        (215) 592-4663 (FAX)
                                        *Co-Chair of Plaintiff's Management Committee*


John J. Cummings, III, Esquire          Stanley M. Chesley, Esquire
Cummings, Cummings & Dudenhefer         Jean M. Geoppinger, Esquire
416 Gravier Street                      Waite, Schneider, Bayless, Chesley Co., L.P.A.
New Orleans, LA  70130                  1513 Central Trust Tower
(504) 586-0000                          One West Fourth Street
(504) 522-8423 (FAX)                    Cincinnati, OH  45202
*Co-Chair of Plaintiffs' Management*    (513) 621-0267
*Committee*                             (513) 621-0262 (FAX)
                                        *Co-Chair of Plaintiffs' Management Committee*

Edward W. Madeira, Jr., Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA  19103
(215) 981-4000 (General)
(215) 981-4353 (Direct Dial)
(215) 851- 4307 (FAX)
*Liaison Counsel for Phentermine*
*Manufacturers & Suppliers*

Michael T. Scott, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100 (General)
(215)851-8248 (Direct Dial)
(215) 851-1421 (FAX)
*Liaison Counsel for Fenfluramine/*
*Dexfenfluramine Defendants*

Ms. Deborah A. Hyland
Plaintiffs' Management Committee
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA  19106
(215) 629-3919
(215) 923-1153 (ALTERNATE NUMBER)
(215) 629-3998 (FAX)
(215) 923-3717 (ALTERNATE FAX)
*Office of the Plaintiffs'  Management Committee*